# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| THOMAS D. REGEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, L.P., )<br>)<br>Defendant. ) | DOCKET NO. 1:11-cv-00099<br>JUDGE TRAUGER/MAGISTRATE<br>JUDGE GRIFFIN |

## INITIAL CASE MANAGEMENT ORDER

A Case Management Conference is scheduled to be held in the above-entitled action on February 24, 2012, at 1:00 p.m. Pursuant to Local Rule 16.01(d)(1)(b), the parties submit this Proposed Order for entry by the Court.

**A.  STATUS OF SERVICE OF PROCESS AND RESPONSIVE PLEADINGS:** Service of process has been achieved on Defendant. Defendant's Answer was filed on December 23, 2011.

**B.  JURISDICTION:** This court has diversity jurisdiction over the instant controversy in that the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum, all as contemplated by 28 U.S.C. § 1332.

**C.  BRIEF THEORIES OF THE PARTIES:**

**1.  PLAINTIFF:** Thomas Regan was an employee for the Defendant and worked initially as a overnight stocker. Unfortunately, Mr. Regan suffered from Charcot foot, a progressive degeneration o a weight bearing joint, typically defined by

1

bony destruction, bone resorption, deformity, and in worst case scenarios — amputation. Despite the Defendant recognizing the Plaintiff needed accommodation due to this condition, the Defendant was unable to ensure that the Plaintiff received the accommodation needed for the Plaintiff to perform his essential job functions and not exacerbate his condition. As a result of Defendant's actions, Plaintiff's condition became exacerbated resulting in amputation of part of his right foot, including two of his toes.

    2.    **DEFENDANT:** Defendant hired Plaintiff on December 21, 2004. In January 2007, Defendant offered and Plaintiff accepted a night receiving Associate position in Defendant's Pulaski location.

Throughout Plaintiff's employment, Defendant granted Plaintiff multiple FMLA leaves of absence. For example, Defendant approved an FMLA leave of absence from December 4, 2007, to February 4, 2008. Defendant similarly approved Plaintiff's request for an FMLA leave of absence starting on December 12, 2008 and ending on approximately January 31, 2009. On February 5, 2009, Plaintiff requested and was granted additional requested FMLA leave starting on February 5, 2009 and ending on March 5, 2009.

Shortly thereafter, Plaintiff completed a Request for Accommodation Form, asking to "let me do door greeting and provide me a stool or allow me to use a wheel chair to work from." Defendant approved Plaintiff's reasonable accommodation request, moving Plaintiff to "3rd shift people greeter" and allowing Plaintiff to use a stool or wheel chair to perform Plaintiff's job.

Plaintiff requested Defendant train Plaintiff on using cash registers and asked on several occasions to work in the Electronics Department. In response to Plaintiff's

requests, Defendant trained Plaintiff on how to use the cash registers and allowed Plaintiff to assist in the Electronics Department as needed, still using a wheelchair.

Defendant terminated Plaintiff on May 20, 2010 after Plaintiff admitted engaging in the gross misconduct of stealing money from Defendant's cash registers. Plaintiff admitted to Defendant in writing that Plaintiff had engaged in such theft from Defendant's cash registers. Plaintiff pled guilty in Giles County General Sessions Court to stealing $300 from Defendant, and was sentenced eleven months and twenty-nine days in jail, which was suspended to serve eleven months and twenty-nine days of probation, and ordered to pay court costs and $300 in restitution to Defendant.

Defendant denies it has engaged in any unlawful disability discrimination in violation of the Americans with Disabilities Act, as amended, negligence related to Plaintiff's alleged disability as alleged in the Complaint, and/or any conduct with respect to Plaintiff in violation of the Family and Medical Leave Act.

    **C.**    **ISSUES RESOLVED:** Jurisdiction.

    **D.**    **ISSUES STILL IN DISPUTE:**

    (a)    Liability; and

    (b)    Damages.

    **E.**    **MANDATORY INITIAL DISCLOSURES:** Pursuant to Federal Rule of Civil Procedure 26(a)(1), all parties must make their initial disclosures within 30 days after the initial case management is entered in this cause.

    **F.**    **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **Friday**, **January 18, 2013**. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33(b) is

expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **Friday**, **June 1, 2012**.

H. **DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **Friday**, **March 15, 2013**.

I. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **Friday**, **May 17, 2013**. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

J. **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 2-3 days.

K. **SETTLEMENT POTENTIAL**: At this early stage of the litigation, the parties have not discussed settlement, but it remains an option to be explored. Should progress toward settlement not be made, the parties may raise the issue of a settlement conference with the Court.

**L. SPECIAL PROCEDURES FOR HANDLING PRIVILEGED INFORMATION:** The parties believe that there may be documents and other information that may be produced in discovery that are commercially sensitive or otherwise confidential in nature. The parties will work together to agree on a form of protective order with a mechanism for the appropriate protection of such information and for filing certain documents under seal when necessary, and submit the proposed protective order to the court for its approval.

**M. SCHEDULING OF ADDITIONAL CASE MANAGEMENT CONFERENCES:** Any party may request additional case management conferences as necessary.

**N. JOINT MEDIATION STATEMENT:** The parties will prepare a joint mediation statement and file same on or before **Monday, October 1, 2012**.

**O. ELECTRONIC DISCOVERY:** The parties do not anticipate that electronic discovery is necessary in this case, but to the extent it is necessary they will agree on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

**It is so ORDERED.**

Date: 2/24/12

_____
Aleta A. Trauger
United States District Judge

**APPROVED FOR ENTRY:**

s/Joel R. Bellis
_____

5

Joel R. Bellis (BPR #027750)
Bellis & Associates, PLLC
Attorney for Plaintiff
Post Office Box #1212
Columbia, TN 38402
Office: (931) 223-8777
Facsimile: (931) 223-8889



s/Margaret R.T. Myers (signed with permission by JRB)
Margaret R.T. Myers (BPR #020506)
Adams and Reese LLP
424 Church Street, Suite 2700
Nashville , TN 37219-0058
Telephone: (615) 259-1009
Facsimile: (615) 687-1514
Email: margaret.myers@arlaw.com